IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLTON KEN HERBERT,

      Petitioner,

v.                                                    CASE NO.  1:20-cv-25-AW-GRJ

STATE OF FLORIDA,

      Respondent.

_____/

### REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee at the Paul Rein Detention Facility in
Broward County, Florida, initiated this case by filing ECF No. 1, a
handwritten pleading construed as a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  The Court has granted Petitioner leave to
proceed as a pauper by separate order.  ECF No. 3.

Petitioner seeks relief with respect to a hold for his arrest that he says
is pending in Alachua County.  The hold stems from Petitioner's non-
payment of court-ordered child support.  Petitioner contends that the
Alachua County hold is contrary to state law because there has been no
finding that he has the ability to pay the support but willfully refused to do
so.  ECF No. 1.  Petitioner concedes that he is presently incarcerated on

1

unrelated criminal charges in Broward County.  He asserts that he wants to

resolve the pending child-support case now so that "he won't be transferred

to Alachua County on State expense."  ECF No. 1.

The Court ordered Petitioner to re-file his petition on the Court's form,

and when Petitioner failed to do so the Court ordered him to show cause as

to why this case should not be dismissed.  ECF No. 5.  This case is now

before the Court on ECF No. 6, Petitioner's response to the show cause

order.  Petitioner maintains that because he is not "sentenced" in the

outstanding Alachua County case, it is unnecessary for him to file his

petition on the Court's form.

The Court may take judicial notice that Petitioner is detained in

Broward County pending charges of failing to register as a sexual offender.

*See State v. Herbert*, Case No. 17-1122/CF10A (17th Jud. Cir. Broward

County).  Petitioner concedes that he has not been sentenced in the

Alachua County case, and that his present confinement is due to the

Broward County charges and not to the Alachua County hold.  ECF Nos. 1,

6.

Relief under 28 U.S.C. § 2254 is available to a person who is "in

custody pursuant to the judgment of a State court only on the ground that

2

he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

Petitioner is not "in custody" for purposes of seeking habeas relief from the Alachua County case because he has not yet been sentenced in that case. There is no criminal judgment of conviction. *See Burton v. Stewart,* 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Moreover, once Petitioner is sentenced in the Alachua County case, he must exhaust state-court remedies for challenging the sentence before seeking federal habeas relief. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999).

Even if the petition is governed by the general habeas statute, 28 U.S.C. § 2241, rather than § 2254, Petitioner would not be entitled to relief. Federal courts will abstain from interfering in pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris,* 401

3

U.S. 37 (1971); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493 (1973) ("[N]othing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in Federal court.").  This abstention doctrine assures state courts an opportunity to consider claims before they will be considered by the federal courts. Because Petitioner has not yet been sentenced in the Alachua County case, his criminal proceedings are ongoing. *Younger* abstention is thus warranted.

For the foregoing reasons, the Court concludes that it is unnecessary for Petitioner to re-file his claims on the Court's form because it is clear that any claim for federal habeas relief is premature at this time.  The Petition should be dismissed as premature and pursuant to the *Younger* abstention doctrine.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court

4

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED.**

**IN CHAMBERS** this 7th day of April 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

5

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.